**Don MASSOUD d/b/a Twin Cities Glass, Appellant,**

v.

**FULL LINE GLASS DISTRIBUTORS, INC., Appellee.**

**No. 18423.**

Court of Civil Appeals of Texas, Fort Worth.

May 28, 1981.

Martin, Withers, Box, Loving & Webster, Dallas, for appellant.

Simon & Simon, and Sheldon Anisman, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Full Line Glass Distributors, Inc., sued Don Massoud, d/b/a Twin Cities Glass, on a sworn account. Trial court rendered judgment for Full Line Glass in the amount of $2,320.75 with interest, and attorney's fees of $750.00. Massoud has appealed, claiming the trial court erred in admitting certain invoices as evidence, there was no competent evidence to support the judgment, and the trial court abused its discretion in failing to reopen the cause for additional evidence.

We affirm.

Full Line Glass Distributors, Inc. (hereafter Full Line) was owned and operated by Doug Kuhn. It sold glass to Twin Cities, among other glass companies, who then resold it. At all times pertinent to this suit, an assumed name certificate was on file stating that John Donald Massoud owned and was doing business, as Twin Cities Glass. Massoud testified that he had never owned Twin Cities and that he filed the assumed name certificate to protect his glass placed there on consignment when David Langston, stated by Massoud to have been the true owner of Twin Cities, was going into bankruptcy.

Massoud's defense throughout the trial was that the debt was Langston's, not his. However, Langston testified that Massoud had always been an owner of Twin Cities Glass, in spite of an earlier assumed name certificate which listed only Langston. Kuhn (of Full Line) testified that Massoud had told him he was an owner of Twin Cities; and that this representation was the only reason Kuhn had allowed Twin Cities to pick up glass without paying cash. The testimony of each witness was clear and certain, Kuhn's and Langston's testimony contradicted that of Massoud. The matter was clearly one for resolution by the fact finder.

Evidence, on which Massoud's appeal centers, included copies of invoices, (some 37 in number), which detailed specific items of

glass with date of sale, price, and the signature of the Twin Cities' employee who picked up the glass. Assumed name certificates (for Langston prior to the time involved in this suit and for Massoud for the time in which the invoices were dated) were also introduced. Of the eight points raised by Massoud, the first two allege error in admitting the copies of the invoices; four points, (presuming that either of the first two points is upheld and that the invoices cannot be considered) allege no evidence to support the judgment; and the remaining two allege there was no competent evidence to support the finding of Massoud's debt owed to Full Line Glass and that the trial court erred in denying Massoud's motion to reopen for additional testimony. We overrule all of them.

Massoud's contention is that the copies of the invoices were inadmissible because they were copies. Tex.Rev.Civ.Stat.Ann. art. 3731c, (Supp.1980), "Photographic or photostatic copies of written instruments; use in judicial or administrative proceedings," governs the admissibility of copies. This provision reads:

> "Any copy or reproduction of a writing or written instrument, by photographic, photostatic, microfilm or other processes which accurately reproduces or forms a durable medium for reproducing the originals of any such writing or written instrument, can be used and its use shall be permitted in any judicial or administrative proceeding or trial, including the taking of depositions, where the party using the same, at the time of its offer in evidence either produces the original or reasonably accounts for its absence, *or where there is no bona fide dispute as to its being an accurate reproduction of the original.* This Act shall be cumulative of any other statutory or common law relating to the subject hereof." (Emphasis added.)

■ Further, under Tex.Rev.Civ.Stat. Ann., art. 3731b, § 4, (Supp.1980) the law provides that "The existence or non-existence of the original shall not affect the admissibility of the reproduction." At no time was there a bona fide dispute as to the accuracy of the copies of the invoices. Throughout the record, the only defense raised was that the debt was of one other than Massoud. Therefore, assuming that the invoices themselves would have been admissible, the copies of the invoices were properly admitted.

■ Massoud's further complaint is that admission of the invoice copies fails to comply with the requirements of Tex.Rev.Civ. Stat.Ann., art. 3737e, (Supp.1980) "Memorandum or record of act, event or condition; absence of memorandum or record as evidence." The record establishes that the invoices were kept in the regular course of Full Line's business. The owner of the business testified that the entries were made as a routine matter by a person having knowledge of the transaction at the time the transaction took place, and that the records had been properly kept from the time of original entry until they were presented for admission into evidence.

Massoud charges that there was no competent evidence to support a finding that he owed a debt to Full Line in any amount. Considering the evidence of the invoices and the assumed name certificate on file, as well as the testimony given, we hold the evidence sufficient.

Additionally, Massoud charges (1) that no competent evidence shows the sale or delivery of goods (by Full Line Glass to Massoud, d/b/a Twin Cities Glass); (2) that no competent evidence shows either the reasonableness of the prices of the goods or a price agreement between the parties; and (3) that no competent evidence shows the nature and specificity of each item constituting the account. In evaluating a no evidence point, the record is examined to see if there is any evidence to support the findings. In the record before this court, the invoices support the court's finding, as does the testimony of Kuhn and Langston and on some matters by the testimony of appellant Massoud himself.

■ Finally Massoud charges that the trial court abused its discretion in overrul-

ing him motion to reopen the cause for additional evidence. Tex.R.Civ.P. 270, "Additional Testimony," permits a judge in a non-jury trial to hear additional testimony where it clearly appears to be necessary to the due administration of justice. Argument is directed to the fact that Full Line Glass was permitted—while all parties were still in court at the original trial without even a recess—to present testimony concerning attorney's fees after both parties had closed. This occurred immediately after the court had announced its intentions in regard to the judgment. While the procedure was somewhat unusual, we find nothing which requires that the losing party should thereby be allowed to present additional testimony on the merits. Here the request by motion was made some 30 days after the trial had concluded.

Having reviewed the affidavit and exhibits attached to the motion to reopen cause for additional evidence, we hold the trial court did not abuse its discretion in denying such motion. Nothing in the affidavits and exhibits appended raised any new question or consideration for the trial court.

All points of error have been considered; all are overruled. Judgment is affirmed.